IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LOUIS YOUNGER, 27242-044,

    Petitioner,

vs.

CHARLES E. SAMUELS, JR.,
JAMES N. CROSS,
and ERIC HOLDER,

    Respondents.               Case No. 13-cv-391-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This case is before the Court on petitioner's writ of habeas corpus, which he filed on April 22, 2013. Petitioner, who is an inmate in the Federal Correctional Institution in Greenville, Illinois ("Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his conviction entered by the United States District Court for the Eastern District of Missouri (Doc. 1). *See United States v. Dierling, et al.*, Case No. 96-cr-00098 (E.D. Mo. 1996). Alternatively, he raises a challenge to his conviction under Rule 60(b)(6) (Doc. 1). For the reasons set forth below, this action shall be **DISMISSED with prejudice**.

## BACKGROUND

    Following a jury trial, petitioner was found guilty of conspiring to manufacture, distribute, and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Dierling, et al.*, Case No. 96-cr-00098 (E.D. Mo. 1996) (Doc. 181). Judgment was entered in the

criminal case on December 20, 1996 (*Id.*, Doc. 237). Petitioner was sentenced to a term of life imprisonment. He subsequently raised numerous challenges to his conviction through post-trial motions, filed as recently as 2010, all of which were denied on the merits (*Id.*, Docs. 223, 299, 300). The conviction and sentence were affirmed on appeal.[1] *United States v. Dierling*, 131 F.3d 722 (8th Cir. 1997).

On May 3, 1999, petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. *See Younger v. United States*, Case No. 1999-cv-00705 (E.D. Mo. 1999) (Doc. 1). In his § 2255 motion, petitioner claimed that: (1) he was denied effective assistance of counsel; (2) the government engaged in prosecutorial misconduct by failing to disclose evidence favorable to the defense; (3) his conviction was obtained using perjured testimony; (4) the trial court failed to advise him of the penalties for the offense; and (5) the trial court imposed an illegal sentence based on a drug quantity that the court, not the jury, determined. The trial court denied the § 2255 motion on April 18, 2002 (*Id.*, Doc. 21). Petitioner filed an application for a certificate of appealability, which was denied on August 19, 2002 (*Id.*, Doc. 29). *See Younger v. United States*, Case No. 02-2636 (8th Cir. 2002).

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court of Kansas. *Younger v. Warden*, Case No. 01-

---

[1] The evidence introduced at trial included testimony related to a grisly murder, the burning of a co-conspirator's barn, and the shooting of a deputy sheriff. On appeal, petitioner argued that this evidence unfairly prejudiced the jury and resulted in the imposition of a life sentence. Petitioner raised the same issues, and others, in his § 2255 motion and the instant petition.

cv-03132 (D. Kan. 2001). In the petition, he challenged Missouri's jurisdiction to enforce a detainer. The court denied the petition as meritless (*Id.*).

Petitioner later filed a request for permission to file a successive habeas corpus petition.[2] *Younger v. United States*, Case No. 06-1299 (8th Cir. 2006). The Court of Appeals denied his request on April 20, 2006 (*Id.*). *See United States v. Dierling, et al.*, Case No. 96-cr-00098 (E.D. Mo. 1996) (Doc. 298). He filed a petition for writ of mandamus on April 19, 2010, which was denied the following month (*Id.*, Docs. 302, 304).

Undeterred, petitioner filed a "voluminous application" for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Columbia. *Younger v. Charles E. Samuels, Jr., et al.*, Case No. 12-cv-01885 (D.C. 2012). In the 810-page application, petitioner challenged his conviction entered by the United States District Court for the Eastern District of Missouri (*Id.*, Doc. 1). He claimed, "among other wrongs, 'fraud was perpetrated upon the [criminal] court' and 'defense counsel rendered ineffective assistance. . .'" (*Id.*, Doc. 3, p. 1). He sought a reversal of his conviction and a new trial (*Id.*). The petition was dismissed for lack of jurisdiction on November 20, 2012 (*Id.*)

## HABEAS PETITION

In the instant matter, petitioner again challenges his conviction under 28 U.S.C. § 2241 (Doc. 1, p. 13). His application spans more than 300 pages. Petitioner claims, among other things, that: (1) the government engaged in

---

[2] It is not clear whether petitioner was seeking permission to file a successive petition under § 2255 or § 2241.

prosecutorial misconduct;[3] (2) the court lacked personal and subject matter jurisdiction to hear his criminal case;[4] (3) he was denied effective assistance of counsel;[5] (3) the judges who considered his case were biased; and (4) he was denied due process and equal protection of the law[6] (Doc. 1, pp. 6-8). Petitioner seeks a reversal of his conviction or, alternatively, a new trial (Doc. 1, p. 13). He requests an order to show cause pursuant to 28 U.S.C. § 2243. Alternatively, he asks this Court to consider his motion under Rule 60(b)(6).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the

---

[3] According to the petition, this misconduct includes the fraudulent manipulation of a superseding indictment (Claim I), pre-indictment delay (Claim III), use of fraudulent evidence in collusion with defense counsel (Claim VII), and perpetration of a fraud during closing arguments (Claim VI) (Doc. 1, pp. 6-7).
[4] *See* Claims II and IV (Doc. 1, pp. 6-7).
[5] *See* Claim V (Doc. 1, p. 7).
[6] S*ee* Claims VII and VIII (Doc. 1, p. 7-8).

sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

In this case, petitioner appears to be launching another collateral attack on his conviction, in the form of a disguised successive § 2255 motion. *See Hare v. United States*, 688 F.3d 878, 880 n. 3 (7th Cir. 2012) (citations omitted) (stating "we look at the substance of a motion rather than its title to determine whether it is a successive collateral attack. We do this to police attempted end-runs around the successive petition limitations of § 2255 by restyling motions in different ways"). Petitioner already pursued a direct appeal and his one opportunity at a collateral attack. He sought leave from the Court of Appeals to file a successive petition, and his request was denied. The instant motion is clearly another attempt at a collateral attack, and leave must be sought from the Court of Appeals to file a successive § 2255 motion.

Even if petitioner is contending that the § 2255 motion is inadequate or ineffective to test the legality of his detention, his argument fails. The fact that petitioner may be barred from bringing a second § 2255 motion is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605,

609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The court stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as **having been imprisoned for a nonexistent offense**." *Davenport,* 147 F.3d at 611 (emphasis added). The Seventh Circuit recently clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. He points to no changes in the law at all. To the contrary, petitioner asserts the same claims that he raised in his § 2255 motion (as well as in numerous other filings)—that, in essence, the misconduct of all attorneys and judges involved in his case resulted in the introduction of evidence that was unrelated to the conspiracy charges and also resulted in the exclusion of evidence that was helpful to the defense. Petitioner's claims evince a disagreement with the outcome of his criminal case, his appeal, his post-trial

motions, his § 2255 petition, and his prior § 2241 petition. However, his assertions do not amount to a structural deficiency in the statutory § 2255 procedure that would permit petitioner to bring a challenge under the auspices of § 2241.

Section 2255 is not an inadequate remedy for Petitioner's current claim. Consistent with *In re Davenport*, petitioner cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Therefore, § 2241 cannot provide petitioner with the desired relief. The petition shall be dismissed.

## **RULE 60(b)(6) MOTION**

Alternatively, petitioner seeks relief from the judgment of conviction under Rule 60(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE. Aside from the fact that a Rule 60(b)(6) motion must ordinarily be brought in the court that rendered the judgment,[7] petitioners seeking relief under Rule 60(b)(6) must show extraordinary circumstances to justify reopening a final judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (holding that "such circumstances will rarely occur in the habeas context"). Rule 60(b)(6) is not a substitute for a timely appeal. As a general rule, the "ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain reversal by means of direct appeal." *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *see also West v. Schneiter*, 485 F.3d 393 (7th Cir. 2007) ("Litigants who want to test the correctness of a district court's decision must appeal immediately.") Petitioner's claims could have and were directly appealed. He has raised no claims that

---

[7] See 11 Charles Alan Wright et al., *Federal Practice & Procedure* § 2865 (3d ed.).

warrant granting him relief from the judgment at this time. Accordingly, his motion under Rule 60(b)(6) shall be denied.

**Disposition**

**IT IS HEREBY ORDERED** that this action is summarily **DISMISSED** on the merits **with prejudice**.

**IT IS SO ORDERED.**

Signed this 14th day of May, 2013.

David R. Herndon
2013.05.14
13:25:17 -05'00'

**Chief Judge
United States District Court**